# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| MURL L. GROVER, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 18-cv-1259 |
| STEVE KALLIS, Warden, | ) ) ) |
| Respondent. | ) ) |

## ORDER AND OPINION

Now before the Court is Petitioner Murl L. Grover's ("Petitioner" or "Grover") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1).[1] For the reasons set forth below, Petitioner's § 2241 Petition is DENIED.

### BACKGROUND[2]

Grover is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois, where he is serving a 77-month sentence imposed by the United States District Court for the Western District of Wisconsin for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His current projected release date is February 6, 2020, via Good Conduct Time release.

On April 23, 2018, Grover's Unit Team at FCI Pekin submitted an Institutional Referral for Residential Re-entry Center ("RRC") Placement, recommending that he receive 271 to 365 days of RRC time. On June 14, 2018, the Unit Team's referral was reviewed and processed by

---

[1] Citations to documents filed in this case are styled as "Doc. __."
[2] As dictated by the analogous federal habeas corpus rules for proceedings under 28 U.S.C. § 2254 and § 2255, the facts recounted here are taken from Respondent's Response to the Petition, (Doc. 6), unless otherwise noted. *See* 28 U.S.C. § 2248.

1

the Residential Reentry Manager ("RRM") Office in Chicago, Illinois, who determined that placement of 122 days was sufficient. Grover pursued administrative remedies to challenge this designation at the institutional and regional office level. However, he did not appeal the regional office's denial to the national office. He also filed a Motion for Judicial Recommendation in the District Court for the Western District of Wisconsin seeking a judicial recommendation that he be placed in a halfway house for the full 12 months possible. That Court denied to make such a recommendation. Pet. at pp. 2 (Doc. 1). *See also United States v. Grover,* No. 14-cr-63 (W.D.Wis. June 29, 2018).

Grover filed this petition pursuant to 28 U.S.C. § 2241 on July 16, 2018. He is seeking a longer placement in a RRC. Specifically, he contends that his circumstances and level of need entitle him to a longer placement in a RRC than has been approved by the BOP and requests that this Court order the BOP to provide him with a 12-month placement prior to his release from custody. He also appears to be asking this Court to make the judicial recommendation of a longer placement that the District Court for the Western District of Wisconsin denied and to review the decision of that court.

Respondent filed a response on September 6, 2018 (Doc. 7), arguing that Grover failed to exhaust his administrative remedies and that the BOP properly considered Grover's halfway house placement. The Response also noted that on August 30, 2018, Grover's RRC placement was reviewed and adjusted to 270 days. Grover has not filed a timely reply. This order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir. 1994). The

writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

As Respondent notes, there is some disagreement among the district courts in the Seventh Circuit as to whether the proper vehicle for challenging halfway house placement is under the Administrative Procedure Act, *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or § 2241. *See Perry v. Krueger*, No. 15-1298, 2015 WL 6500915, at *1 (C.D. Ill. Oct. 27, 2015). For the purposes of its response, Respondent has assumed *arguendo* that Grover may proceed under § 2241, and the Court will do the same. However, assuming that Grover may proceed under § 2241 and that the Court has jurisdiction to consider his petition, he is still not entitled to the relief sought.

Under the Second Chance Act, 18 U.S.C. § 3624(c), the BOP has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

*Id.* The language of the statute clearly establishes that inmates are not entitled to the full 12 months of placement in a halfway house. Section 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. *Id.* The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available. *See also, Olim v. Waukinekona,* 461 U.S. 238, 245 (1983) (holding

that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request).

The amount of time to be allocated to each inmate is left to the considerable discretion of the BOP. *Pence v. Holinka,* No. 09-cv-489-SLC, 2009 WL 3241874, at *1 (W.D.Wis. Sept. 29, 2009) (*citing Sessel v. Outlaw,* No. 08-cv-00212, 2009 WL 1850331, at *4 (E.D.Ark. 2009); *Daraio v. Lappin,* No. 3:08-cv-1812- MRK, 2009 WL 303995 (D.Conn. Feb. 9, 2009) (BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed in a halfway house.)). In exercising this discretion, the BOP must make decisions on an individual basis considering the factors listed in 18 U.S.C. § 3621(b) in an effort to "ensure that placement in a community correctional facility . . . is . . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). Factors to be considered are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence was determined to be warranted or recommending a specific type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). These statutory provisions are echoed in the BOP's promulgated rules set forth at 28 CFR §§ 570.20–21.

In considering Grover's eligibility for community confinement placement, the record reveals that his Unit Team recommended that 271-365 days of RRC time would provide the greatest likelihood for his successful reintegration into the community due to the resources available to him. This recommendation was reviewed by the RRM Office to determine Grover's exact RRC placement. The Chicago RRM Office considered the applicable factors and determined that 122 days would be appropriate. The RRM Office's decision noted Grover's

4

history of drug and alcohol abuse, mental health concerns, and the release needs documented in his Judgment and Commitment Order, Presentence Investigation, and Supervised Release Plan. Additionally, the available resources of the designated RRC were considered and noted as a reason to modify the amount of time recommended by the Unit Team at FCI Pekin. Respondent also notes that as placement draws near, there is more information regarding the availability of bed space. In Grover's case, on August 30, 2018, after Grover filed this petition, his RRC placement was reviewed and is now projected to be 270 days.

For these reasons, the record supports the conclusion that the BOP followed the provisions of the statute and considered the relevant factors in making its assessment. "If the [BOP] considers the relevant factors in making its determination, a challenge . . . could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet." *Woods v. Wilson*, No. 09-CV-0749, 2009 WL 2579241, at *2 (N.D. Ill. Aug. 19, 2009) (*citing Tristano v. Fed. Bureau of Prisons*, No. 07-C-113-C, 2008 WL 3852699, at *1 (W.D. Wis. May 15, 2008)).

It is not the role of this Court to conduct an independent review of the § 3621(b) factors and make a de novo determination as to Grover's placement in a halfway house. Rather, the BOP's decision is entitled to deference so long as it is not arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute. Grover has not shown that the BOP's decision in his case implicates any of these concerns, and his disagreement with the outcome is insufficient. His request for relief pursuant to § 2241 must therefore be denied.

Additionally, the Court notes that Grover failed to exhaust his administrative remedies. While there is "no express exhaustion requirement in 28 U.S.C. § 2241, a district court is entitled to require a prisoner to exhaust the administrative remedies that the BOP offers before it will

entertain a petition." *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009); *see also McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct. 1081 (1992). Here, Grover failed to appeal to the BOP National Office—the final phase of the BOP's administrative appeals process—and Grover did not provide any justification for this failure.

Finally, Grover's Petition appears to challenge the decision of sentencing court, the District Court for the Western District of Wisconsin, in declining to issue a judicial recommendation for 12 months in a halfway house. However, a district court's recommendations are not formally part of its judgment and are thus is not reviewable. *See United States v. McHugh,* 528 F.3d 538, 541 (7th Cir. 2008). Additionally, to the extent Grover is requesting that this Court issue a judicial recommendation that his RRC placement be 12 months, this relief is unavailable in a habeas petition. *See Tylman v. Roal*, No. 12- CV-0863-DRH, 2013 WL 171073, at *2 (S.D. Ill. Jan. 16, 2013) (internal citation omitted) (reconsideration of an "RRC designation by the BOP is all the remedy that" a petitioner filing a § 2241 petition can achieve). Further, any such pronouncement by this Court would be entirely unhelpful to Grover, as it is only the statements of the court that imposed the sentence which the BOP will consider in making its determination. *See* 18 U.S.C. § 3621(b).

## CONCLUSION

For the reasons set forth above, Petitioner Grover's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED. This matter is now terminated.

Signed on this 4th day of January 2019.

*s/ James E. Shadid*
James E. Shadid
Chief United States District Judge